**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KAYLA KACZOR on behalf of herself and
those similarly situated,

     Plaintiff,

vs.                                     **CASE NO.:**

ALBANESE ENTERPRISES, INC. d/b/a
PARADISE GENTLEMEN'S CLUB, a Florida
Profit Corporation; FAMILY
ENTERTAINMENT, LLC d/b/a LIVE BAR, a
Florida Limited Liability Company, and
KLODIAN FERRA, individually,

     Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, KAYLA KACZOR, on behalf of herself and those similarly situated, brings this

action under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA")

against, ALBANESE ENTERPRISES, INC. d/b/a PARADISE GENTLEMAN'S CLUB

("Paradise"), a Florida Profit Corporation; FAMILY ENTERTAINMENT, LLC d/b/a LIVE

BAR ("Live Bar"), a Florida Limited Liability Company, and KLODIAN FERRA ("Ferra"),

individually, (collectively referred to as "Defendants"), and states:

**INTRODUCTION**

1.     Congress designed the FLSA to remedy situations "detrimental to the

maintenance of the minimum standard of living necessary for health, efficiency, and general

well-being of workers."  29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA

establishes minimum wage and overtime requirements for covered employees. *See* 29 U.S.C. §§

206, 207.

2.      This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendants arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

3.      Defendants own and operate night clubs and bars located in Jacksonville, Florida.

4.      Defendants employed Plaintiff, and other similarly situated employees, but failed to pay them the appropriate minimum wages under the FLSA.

5.      Plaintiff brings this collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendants who worked at Paradise and/or Live Bar at any time during the three year period before the Complaint was filed up to the present ("Class Members").  These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## JURISDICTION

6.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*) to recover unpaid back wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

7.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

## PARTIES

8.      At all times material hereto, Plaintiff was a resident within the jurisdiction of the Middle District of Florida.

9.      Defendant Paradise was, and continues to be, a Domestic Profit Corporation.

10. At all times material hereto, and currently, Paradise carried out substantial and not isolated business activities, and had employees and agents in the Middle District of Florida.

11. Defendant Live Bar was, and continues to be, a Domestic Profit Corporation.

12. At all times material hereto, and currently, Live Bar carried out substantial and not isolated business activities, and had employees and agents in the Middle District of Florida.

13. Defendants, Paradise and Live Bar (hereinafter collectively referred to as "the entities"), have joined and combined to form and constitute a single enterprise and/or joint employer by:

    a. Performing related activities, *i.e.* the operation of bars and night clubs restaurants;

    b. Exercising unified operation or common control over Plaintiff and those similarly situated;

    c. Operating for a common business purpose;

    d. Acting directly or indirectly in the interest of each other with respect to Plaintiff and those similarly situated;

    e. Agreeing to share employees' services;

    f. Sharing common offices, common record keeping, and equipment;

    g. Sharing common ownership and financial control;

    h. Sharing common management and company policies; and

    i. The entities are not completely dissociated with respect to the employment of Plaintiff and those similarly situated, and may be deemed to share control of Plaintiff, directly or indirectly, by reason of the fact that each corporation is owned and operated by the same individuals, and operate

for the same business purpose.

14.     Based on information and belief, and at all times relevant to this action, Defendant, Ferra, was an individual resident of the State of Florida, who operated the entities for whom Plaintiff, and those similarly situated worked.

15.     Defendant, Ferra, is an employer as defined by 29 U.S.C. § 201, *et seq.*, in that he acted directly or indirectly, in the interest of the entities towards Plaintiff and those similarly situated.

16.     Defendant, Ferra, regularly exercised the authority to:

    a.     Hire and fire employees of the entities;

    b.     Controlled the finances of the entities;

    c.     Controlled significant aspects of the entities' day-to-day operations, including the authority to set wages;

    d.     Actively participated in the overall supervision of the entities' business; and

    e.     Was ultimately in a position of authority over the business decisions that led to the FLSA violations at issue.

17.     At all relevant times material hereto, Defendants jointly employed the Plaintiff and those similarly situated employees.

18.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

19.     For example, Plaintiff regularly processed credit card transactions as part of her regular duties for Defendants.

20.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.  Named Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit A**.

21.     At all times material hereto, Defendants were the "employer" within the meaning of the FLSA.

22.     Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

23.     At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

24.     At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods and services," in that the Defendants' employees provide goods and services within the meaning of the FLSA.

25.     Based upon information and belief, the annual gross revenue of Defendants is and was in excess of $500,000.00 per annum for all relevant time periods.

26.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

27.     At all times material hereto, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

28.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

### STATEMENT OF FACTS

29.     Defendant, Klodian Ferra, owns and operates two (2) night clubs/bars in Jacksonville, Florida.

30.     One of the night clubs, Paradise, is located at 8669 Baymeadows Road, Jacksonville, Florida 32256.

31.     One of the night clubs, Live Bar, is located at 331 E Bay Street, Jacksonville, Florida 32202.

32.     Defendants' night clubs are operated and controlled by Klodian Ferra.

33.     Paradise and Live Bar regularly share employees, and have employees working in multiple locations based on Defendants' needs.

34.     Paradise and Live Bar share common offices, common record keeping, and equipment.

35.     Defendants implement and enforce the same policies and procedures at both night clubs.

36.     Defendants hired Plaintiff to work as a bartender in approximately May of 2017.

37.     Plaintiff primarily worked at Defendants' 8669 Baymeadows Road location.

38.     Plaintiff also worked at Defendants' 331 E Bay Street location.

39.     Plaintiff worked as a bartender for Defendants until approximately July 2019.

40.     Plaintiff's primary duties were taking customer beverage orders, serving customers, completing customer transactions, and maintaining cleanliness of the bar.

41.     At the time Plaintiff was hired, Defendants compensated Plaintiff $5.00 per hour, in cash.

42.     Plaintiff also received tips.

43.     Defendants did not provide Plaintiff with notice as required by 29 C.F.R. 531.59(b).

44.     In approximately March 2018, Defendants began to compensate Plaintiff the Florida "tipped" minimum wage for some of the hours that she worked each week through a paycheck due to employee complaints.

45.     However, Defendants failed to compensate Plaintiff at the Florida tipped minimum wage for all of the hours that she worked each week.

46.     Specifically, Defendants underreported the number of hours that she worked on her paychecks.

47.     Moreover, during approximately June and July of 2019, Defendants failed to pay Plaintiff any direct wages during numerous work weeks.

48.     As a result of Defendants' failure to pay Plaintiff direct wages, she complained to Defendants.

49.     As a result of Plaintiff's complaints, Ferra instructed Glenn McClinton, a manager, to terminate Plaintiff's employment.

50.     Additionally, throughout the duration of her employment, Defendants' regularly retained tips belonging to Plaintiff.

51.     Specifically, Ferra regularly retained tips belonging to Plaintiff.

52.     The same FLSA violations that applied to Plaintiff applied to Defendants' other similarly situated employees.

53.     Defendants systematically paid, and continue to pay, Plaintiff and other similarly situated employees for substantially fewer hours than they actually worked.

54.     Defendants systematically paid, and continue to pay, Plaintiff and other similarly situated employees sub-minimum wages in virtually every single work week.

55.     Defendants routinely retained, and continue to retain tips that were earned by and belonged to Plaintiff, and other similarly situated employees in numerous work weeks within the relevant time period.

56.     Plaintiff is entitled to additional compensation in order to supplement her wages for those work weeks where she was deprived of the lawful minimum wage.

57.     Defendants have violated Title 29 U.S.C. §§ 203(m) and 206 in that:

    a.   Defendants failed to inform Plaintiff of the provisions of § 203(m) of the FLSA;

    b.   Defendants retained tips that were earned by Plaintiff;

    c.   Defendants failed to pay Plaintiff at least the Florida minimum wage in virtually every single work week, in violation of the FLSA;

    d.   No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory minimum wage while Plaintiff worked for Defendants as provided by the FLSA;

    e.   Defendants failed to maintain proper time records as mandated by the FLSA.

58.     Likewise Defendants have violated 29 U.S.C. § 215(a)(3) in that Defendants terminated Plaintiff's employment because she complained in regard Defendants' failure to compensate her for all of her hours worked.

59.     Defendants do not have a legitimate non-discriminatory purpose for terminating Plaintiff's employment.

## COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff and the class members are/were all employees of Defendants and were all subject to the illegal pay policy as described herein.

61.     Defendants failed to compensate Plaintiff, and those similarly situated, the Florida minimum wage in one or more work weeks throughout the duration of their employment.

62.     The additional persons who may become Plaintiffs in this action are/were purportedly "hourly" paid employees of the Defendants who were not compensated at least the Florida minimum wage for all hours worked, and/or who's tips were illegally retained by Defendants.

63.     This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of minimum wages to Plaintiff applied, and continues to apply, to all class members.  Accordingly, the class members are properly defined as:

> **All hourly-paid, non-exempt employees who worked for Defendants within the last three years, who were not compensated at a rate at least equivalent to the Florida minimum wage in one or more work weeks as required by the FLSA, and/or whose tips were retained by Defendants.**

64.     Specifically, despite the fact that numerous employees brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employment, Defendants refused to pay Plaintiff and those similarly situated their proper compensation as required by the FLSA.

65.     Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

66.     During the relevant period, Defendants violated the FLSA by retaining employees in an enterprise engaged in commerce or in the production of goods and services for commerce

within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate that was equivalent to the Florida minimum wage.

67.     Defendants' failure to properly compensate their employees at a rate equivalent to the Florida minimum wage results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

68.     Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

69.     Defendants failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 206**
**MINIMUM WAGE**

70.     Plaintiff incorporates paragraphs 1 through 69 as if fully set forth herein.

71.     Plaintiff and collective action members are entitled to be paid minimum wage for all hours worked during their employment with Defendants.

72.     Defendants failed, and continue to fail, to pay Plaintiff and the collective action members minimum wage for all hours worked in various work weeks within the relevant time period.

73.     Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage during one or more weeks of employment with Defendants.

74.     Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff and the putative class members but still failed to pay Plaintiff and the putative class

members at least minimum wage for all hours worked each week.

75.     Defendants willfully failed to pay Plaintiff and the putative class members the Florida minimum wage in one or more weeks of work contrary to 29 U.S.C. § 206.

76.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 203(M)**
<u>**INVALID TIP CREDIT**</u>

77.     Plaintiff incorporates paragraphs 1 through 69 as if fully set forth herein.

78.     29 U.S.C. § 203(m)(2) allows for employers subject to FLSA coverage to take a "tip credit" from employees who regularly and customarily receive tips.

79.     However, in numerous work weeks, Plaintiff, and those similarly situated did not receive any direct wages from Defendants.

80.     Moreover, Defendants retained tips that belonged to Plaintiff and those similarly situated.

81.     The tips retained by Defendants were not part of a valid tip pooling arrangement.

82.     Defendants failed to inform Plaintiff and those similarly situated of the tip credit provision of section 203(m) of the FLSA.

83.     Defendants' violations of section 203(m) were willful.

84.     As a direct and proximate result of Defendants deliberate violations of section 203(m) of the FLSA, Plaintiff and those similarly situated have been damages in the loss of minimum wages and tips during one or weeks of work with Defendants.

**COUNT III**
**RETALIATION**
**IN VIOLATION OF 29 U.S.C. § 215(A)(3) WITH**
**REGARD TO NAMED PLAINTIFF**

85.     Plaintiff incorporates paragraphs 1 through 69 as if fully set forth herein.

86.     29 U.S.C. § 215(a)(3) makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to . . . [the FLSA]." *See* 29 U.S.C. § 215(a)(3).

87.     Plaintiff was terminated from her employment with Defendants for voicing concerns in regard to Defendants' failure to pay her in accordance with the FLSA.

88.     Defendants have violated 29 U.S.C. § 215(a)(3) in that Defendants terminated Plaintiff's employment because she complained about Defendants' failure to compensate her for all of her hours worked.

89.     Defendants do not have a legitimate non-discriminatory purpose for terminating Plaintiff's employment.

**COUNT IV**
**DECLARATORY RELIEF**

90.     Plaintiff realleges and reincorporates paragraphs 1 through 69 as if fully set forth herein.

91.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

92.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

93.     Plaintiff may obtain declaratory relief.

94.     Defendants employed Plaintiff.

95.     Defendants are an enterprise.

96.     Plaintiff was individually covered by the FLSA.

97.     Plaintiff was deprived of proper minimum wages pursuant to 29 U.S.C. § 206.

98.     Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

99.     Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

100.    Plaintiff is entitled to an equal amount of liquidated damages.

101.    Defendants retaliated against Plaintiff in violation of 29 U.S.C. § 215(a)(3).

102.    It is in the public interest to have these declarations of rights recorded.

103.    Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

104.    The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## **PRAYER**

105.    For these reasons, Plaintiff and the putative class members respectfully request that judgement be entered in their favor awarding the following relief:

   a.  An Order Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I and Count II);

   b.  An Order compelling Defendants to disclose the names and addresses of all collective action class members, and permitting Plaintiff to send notice of this action all those similarly situated individuals, including the publishing of notice in

a manner that is reasonably calculated to apprise the class members of their right by law to join and participate in this lawsuit;

c.  An Order declaring that Defendants violated the FLSA and its regulations;

d.  An Order declaring Defendants' violations of the FLSA were willful;

e.  An Order declaring that Defendants' illegally retaliated against Plaintiff in violation of the FLSA;

f.  An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and collective action class the full amount of damages and liquidated damages available by law;

g.  An Order awarding attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

h.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

i.  All unpaid wages at the Florida mandated minimum wage rate;

j.  An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

k.  All damages allowed under 29 U.S.C. § 216(b) for Defendants' violations of § 206, 215(a)(3) and 203(m)(2)(b); of the FLSA.

l.  Awarding Plaintiff pre-judgment and/or post-judgment interest;

m.  Reasonable attorney's fees, costs and expenses of this action; and

n.  Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: December 12, 2019.                    Respectfully Submitted,

**/s/ *Chanelle J. Ventura***
Chanelle J. Ventura, Esq.
Fla. Bar No. 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 400
Plantation, FL 33324
T: (954) 318-0268
F: (954) 327-3039